# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ROWANN,<br>            Plaintiff,<br>vs.<br><br>BRIAN COLEMAN, (Warden), and JOHN DOE(S),<br>            Defendants. | )<br>)<br>) Civil Action No. 10-1222<br>)<br>) Chief Judge Gary L. Lancaster/<br>) U.S. Magistrate Judge Maureen P. Kelly<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the case be dismissed without prejudice due to Plaintiff's failure to exhaust administrative remedies prior to filing the instant suit.

**II.    REPORT**

George Rowan, Inmate Number BS-7389, ("Plaintiff") is a frequent litigator in federal court, having filed a total of eight (8) civil actions in the federal courts located within Pennsylvania and roughly seven (7) appeals/actions in the United States Court of Appeals for the Third Circuit. As a consequence, he has already acquired two strikes. See, e.g., Rowann v. Erie, No. 1:07-cv-304 (W.D. Pa. ECF No. 35 (Report recommending grant of Motions to Dismiss) and ECF No. [37] (Order adopting Report)); Rowann v. D'Annunzio, No. 4:01-cv-02449 (M.D. Pa. ECF No. [6] (Report recommending pre service dismissal pursuant to the Prison Litigation Reform Act) and ECF No. [13] (Order adopting Report as the opinion of the Court)). Plaintiff has initiated the present lawsuit by the filing, not of a complaint but the filing of a document captioned as "Mandatory Injunction", which the Clerk's Office docketed as a "complaint." ECF

1

No. [6]. Thereafter, Plaintiff filed a document entitled "Motion to Enforce Mandatory Injunction" which the Clerk's Office treated as a motion for injunctive relief. ECF No. [16]. Because Plaintiff filed this action before he exhausted his administrative remedies, the case must be dismissed albeit without prejudice.

A. Procedural History

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this civil rights action on September 16, 2010 when the Clerk's Office received Plaintiff's filings unaccompanied by either a filing fee or a motion for leave to proceed IFP. After receiving Plaintiff's motion for IFP, and after it was granted, the Clerk's Office formally docketed Plaintiff's document entitled "Mandatory Injunction" as the "Complaint" on November 4, 2010, ECF No. [6] (hereinafter "the Complaint"). The Complaint was signed on September 15, 2010, complaining about events occurring on September 7, 2010. ECF No. [6] at 2. Specifically, Plaintiff complained:

> On Tuesday, 7th day of September, MMX (2010), [Plaintiff] arrived at: SCI-Fayette, Labelle County, Pa. at 5:15 o'clock in the P.M. where affiant [i.e., Plaintiff] was processed through intake at said prison, and upon being processed affiant then was placed into a cell, where hostile remarks were made, statements of intention to inflict injury to affiant were also made as affiant was told he was to be placed in the Restricted Housing Unit (RHU) with no misconduct issued (see attach'd exhibit – A) after affiant just completed 342 days [of] Disciplinary time in SCI-Smithfield (Huntingdon County), Pa.

ECF No. [6] at 2. In December 2010, Plaintiff filed what was docketed as an "Amended Complaint," ECF No. [10] but which was in fact a "Supplemental Complaint"[1] because it

---

[1] A supplemental pleading is a pleading that recounts some matter that occurs after the beginning of the action or after a responsive pleading has been filed. Klee v. Pittsburgh & W. Va. Railway Co., 22 F.R.D. 252, 254 (W.D. Pa. 1958). Fed.R.Civ.P. 15(d) makes clear that a supplemental complaint may not be filed without leave of court. See, e.g., Dillard v. Merrill Lynch, Pierce,
(footnote continued)

2

complained of events arising after the initiation of this suit. Specifically, Plaintiff complained of two events, one occurring on October 22, 2010, and one on December 17, 2010. ECF No. [10] at 2. In June, 2011, this case was transferred to the undersigned. ECF No. [33].

**B. Discussion**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). The PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, that required prisoners to exhaust administrative remedies available to them prior to a prisoner bringing suit in federal court concerning prison conditions. See 42 U.S.C. § 1997e(c)(2). See also Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000); Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001). Specifically, the PLRA amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e, to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

Fenner & Smith, Inc., 961 F.2d 1148, 1156 (5th Cir. 1992)("Dillard filed his supplemental complaint (which was stricken for failure to ask leave of court to file it)"); ECL Industries, Inc. v. Ticor and Southern Pacific Co., No. 85 Civ. 9592, 1986 WL 9222, at *2 (S.D.N.Y. Aug. 18, 1986) ("Ticor filed a supplemental complaint (without seeking leave of court, as required by Rule 15(d), F.R.Civ.P.)"). Hence, insofar as the Amended Complaint which is really a supplemental complaint was filed, it should be stricken until and unless Plaintiff moves for leave to file such and leave is granted. However, given that we are recommending dismissal of the suit without prejudice due to Plaintiff's failure to exhaust administrative remedies prior to filing this suit, the issue of Plaintiff seeking leave to file a supplemental complaint is moot.

exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declared that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). See also Booth v. Churner, 206 F.3d at 295 (explaining the statutory phrase "prison conditions" to include claims concerning "actions . . . [that] make their [i.e. prisoners] lives worse."). Thus, the Courts have made clear that any claim about prison life is subject to the exhaustion requirement, thereby interpreting the exhaustion requirement very broadly.

Furthermore, not only is the exhaustion requirement broad, it is also mandatory. The United States Court of Appeals for the Third Circuit has made clear that Section 1997e(a) "'specifically mandates' that inmate-plaintiffs exhaust their available administrative remedies." Nyhuis v. Reno, 204 F.3d at 73 (internal citations omitted). Therefore, "it is beyond the power of this court ... to excuse compliance with the exhaustion requirement...." Id. Accordingly, the Third Circuit has concluded "[o]ur bright line rule is that inmate-plaintiffs must exhaust all available administrative remedies." Nyhuis, 204 F.3d at 75. Furthermore, institutionalized persons, such as prisoners must exhaust their administrative remedies even if the administrative remedy cannot provide them with the relief they seek, e.g., money damages. See Nyhuis v. Reno. Because Plaintiff's allegations in the complaint constitute an "action brought with respect to prison conditions" within the meaning of the PLRA, the exhaustion requirement provisions of Section 1997e(a) apply herein.

The rule is that "[t]he 'available' 'remed[y]' must be 'exhausted' **before** a complaint under § 1983 may be entertained." Booth v. Churner, 532 U.S. 731, 738 (2001) (emphasis

added). Accord Dancy v. Collier, 266 F.App'x 102, 104 (3d Cir. Feb. 20, 2008) ("A prisoner who challenges prison conditions must exhaust available administrative remedies **before** filing suit in federal court.") (emphasis added); Oriakhi v. U.S., 165 F.App'x 991, 993 (3d Cir. 2006) ("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."); Thompson v. Michigan Dept. of Corrections, 23 F.App'x 486 (6th Cir. 2001); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) ("The plain language of the statute makes exhaustion a precondition to filing an action in federal court .... The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Brower v. Georgia Dept. of Corrections, No. CV 307-031, 2008 WL 282473, at *4 n. 2 (S.D.Ga. Jan.31, 2008); Young v. Beard, Civ. A. No. 06-160, 2008 WL 2693860, at *5 (W.D.Pa. April 4, 2008); Hughes v. Pillai, No. 3:07-CV-0055, 2008 WL 723510, at *13 (W.D.Pa. March 17, 2008).

Moreover, the rule requiring a prisoner to exhaust his administrative remedies contemplates that a prisoner must await the response to a final appeal prior to initiating the civil rights action. Nifas v. Beard, No.Civ.A. 08-834, 2009 WL 3241871, at *5 (W.D. Pa. Oct. 6, 2009), *aff'd as modified*, 374 F.App'x 241 (3d Cir. 2010); Brower v. Georgia Dept. of Corrections, No. CV 307-031, 2008 WL 282473, at *4 n. 2 (S.D.Ga. Jan.31, 2008) ("Assuming Plaintiff appealed his grievance to the Commissioner's Office, Plaintiff has still failed to satisfy the exhaustion requirement. According to Plaintiff, he filed a formal grievance, on April 10,

5

2007. Defendant Washington then had thirty (30) days to issue a written response. Defendant Donald would have then had ninety (90) days, or until approximately mid-to-late August, 2007, to respond to Plaintiff's appeal. However, Plaintiff commenced this action on May 24, 2007, well prior to deadline set for the Commissioner's Office to respond to any appeal that Plaintiff may have filed.") (citations omitted).

A District Court may *sua sponte* dismiss a case for failure to exhaust where a plaintiff's pleadings essentially concede the plaintiff's failure to exhaust. See, e.g., Ryan v. U.S., 415F.App'x 345, 348 (3d Cir. 2011) ("sua sponte dismissal appropriate when a plaintiff expressly concedes a failure to exhaust") (citing Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002)). In the instant case, Plaintiff's own submissions essentially concede that he did not exhaust his administrative remedies prior to filing the instant suit as is required by the PLRA.

We take judicial notice of the fact that the Department of Corrections has enacted a policy providing for a three level grievance process, referred to as DC-ADM 804, which permits a prisoner to complain of all matters except disciplinary custody and administrative custody, which each have separate avenues for complaining, namely DC-ADM 801 for disciplinary custody and DC-ADM 802 for administrative custody.[2] DC-ADM 804 imposes the requirement that the initial grievance be filed with the Facility Grievance Coordinator and then requires that an appeal be filed to the Superintendent or his designee and that a third level appeal be filed with the

---

[2] DOC Policies concerning administrative remedies and other matters are available at:

http://www.portal.state.pa.us/portal/server.pt/community/department_of_corrections/4604/doc_policies/612830
(site last visited 9/9/2011).

Central Office. To the extent that Plaintiff is complaining of his placement in Administrative Custody and/or Disciplinary Custody, the administrative remedies provided in DC-ADM 801 and DC-ADM 802, are available for those complaints and are also three step processes, of which we take judicial notice: 1) DOC DC-ADM 801 (addressing Disciplinary Custody: with a first level appeal to the Program Review Committee ("PRC"), and then an appeal to the Facility Manager and then an appeal to Office of the Chief Counsel); and 2) DC-ADM 802 (addressing Administrative Custody, with an administrative hearing occurring before the PRC, an appeal to the Facility Manager and then an appeal to the Office of Chief Counsel).

We take judicial notice of the fact that it would be physically impossible for Plaintiff to have completed any of these available three step processes between, on the one hand, the time of the events giving rise to this case originally, which occurred on September 7, 2010, and on the other hand, September 15, 2010, the date he commenced this action by signing the Complaint or September 16, 2010, the date the case was formally opened on the docket. In fact, Plaintiff, by his own evidence appended to the Complaint, establishes that Plaintiff failed to exhaust his administrative remedies prior to filing the instant suit, given that the PRC only rendered its decision to maintain Plaintiff in Administrative Custody on September 9, 2010. ECF No. [6-1] at 1. Furthermore, in regards to Plaintiff being placed in disciplinary custody, Plaintiff's own evidence, attached to the complaint, establishes that the PRC only rendered its decision on Plaintiff's appeal as of October 29, 2010, more than a month after Plaintiff's initiation of this suit. ECF No. [6-2] & [6-3]. Hence, this suit should be dismissed without prejudice to filing a new suit after Plaintiff has exhausted his administrative remedies. Plaintiff is advised that even if Plaintiff exhausted his administrative remedies during the pendency of this current suit, he may

7

not pursue the current suit but must file another new suit. Any other rule would encourage the filing of suits prematurely and prior to exhaustion.

## III. CONCLUSION

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections by September 26, 2011. Failure to file objections by the required date will constitute a waiver of any appellate rights. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        s/ Maureen P. Kelly
        Maureen P. Kelly
        United States Magistrate Judge

Dated: September 9, 2011

cc:    GEORGE ROWANN
       BS7389
       SCI Fayette
       PO Box 9999
       Labelle, PA 15450

       Counsel of Record via CM-ECF