## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE ROWANN,                            )
                Plaintiff,        )
                          )
                          ) Civil Action No. 10-1222
    vs.                                  )
                          ) Chief Judge Gary L. Lancaster/
BRIAN COLEMAN, (Warden), and JOHN        ) U.S. Magistrate Judge Maureen P. Kelly
DOE(S),                                   )
                          )
            Defendants.          )

## MEMORANDUM ORDER

The above-captioned *pro se* prisoner civil rights case was received by the Clerk of Court

on September 16, 2010, and was referred to Magistrate Judge Susan Paradise Baxter for pretrial

proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local

Civil Rules 72.C and D.

The case was eventually referred to Magistrate Judge Maureen P. Kelly. ECF No. [33].

Magistrate Judge Kelly issued a Report and Recommendation ("the Report"),

recommending dismissal of the suit based on Plaintiff's failure to exhaust his administrative

remedies prior to filing the instant suit. ECF No. [35]. Plaintiff was informed that he could file

objections. Plaintiff filed his objections. ECF No. [38]. None of the objections merits rejection

of the Report nor extended comment.

The Report found that Plaintiff filed the case prematurely, because the actions Plaintiff

originally complained of all occurred on or about September, 7, 2010 and he filed this action on

or about September 16, 2010, a mere nine days later. The Report further noted that it would be a

physical impossibility to have exhausted all of the administrative remedies available to Plaintiff in such a short time. ECF No. [35] at 7.

Plaintiff's first objection is non-responsive. He objects that he tried to file his grievance within 15 working days of having been beaten on October 22, 2010 but was frustrated in doing so. However, the Report based its recommendation that the case be dismissed because Plaintiff failed, prior to filing the present lawsuit on September 16, 2010, to exhaust his administrative remedies concerning the events allegedly occurring on September 7, 2011. Plaintiff's arguments that he tried to exhaust his administrative remedies thereafter, concerning the alleged incident occurring on October 22, 2010, which was the subject of Plaintiff's attempted Supplemental Complaint, is quite irrelevant to the Report's determination that Plaintiff failed to exhaust his administrative remedies prior to initiating this lawsuit in September 2010. Hence, this objection is overruled.

The only other objection that warrants some mention is Plaintiff's objection that the Grievance Policy at DC-ADM 804 may not apply to his claims. ECF No. [38] at 5. There are at least two problems with Plaintiff's objections. First, the objection concerns Plaintiff's complaints made in the attempted Supplemental Complaint, which complained of alleged events, occurring in October and November. Such events, as just noted, are quite irrelevant to the conclusion that Plaintiff initiated this suit in September 2010 concerning events that occurred in September 2010, prior to Plaintiff completing the exhaustion of administrative remedies as to those claims. Second, and alternatively, it would not matter that the Grievance Procedure in DC-ADM 804 did not apply to his complaints. This is because, as the Report correctly noted, to the extent that Plaintiff complained about his placement in Disciplinary Custody or Administrative

2

Custody, there are separate three step grievance policies applicable to those claims. ECF No. [35] at 6 to 7. Again, it would also have been impossible for Plaintiff to complete these three step grievance procedures between September 7, 2010, the date on which Plaintiff claims his rights were first violated and September 16, 2010, the date he filed the instant suit. Accordingly, this objection does not merit rejection of the Report.

No other objection merits discussion or rejection of the Report.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this $\underline{29}$ day of September, 2011,

IT IS HEREBY ORDERED that the Complaint is dismissed for failure to exhaust administrative remedies prior to filing the suit, albeit without prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. [35], filed on September 9, 2011, by Magistrate Judge Kelly, is adopted as the opinion of the Court.

Gary L. Lancaster
Chief United States District Judge

cc:     GEORGE ROWANN
        BS7389
        SCI Fayette
        PO Box 9999
        Labelle, PA 15450

        Counsel of Record via CM-ECF

3