# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE ROWANN,<br>            Plaintiff,<br><br>vs.<br><br>BRIAN COLEMAN, (Warden), and JOHN DOE(S),<br>            Defendants. | )<br>)<br>) Civil Action No. 10-1222<br>)<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>) Re: ECF No. 126<br>) |

## ORDER

George Rowan, Inmate Number BS-7389, ("Plaintiff") is a frequent litigator in federal court, having filed a total of nine (9) civil actions (including the present case) in the federal district courts located within Pennsylvania and at least fourteen (14) appeals/actions in the United States Court of Appeals for the Third Circuit. He has recently filed a "Request for Audit for Production of Documents under Fed. R. Civ. P. 34" (the "Motion"). ECF No. 126. For the following reasons, the Motion will be denied.

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP") initiated this civil rights action on September 16, 2010, when the Clerk's Office received Plaintiff's filings unaccompanied by either a filing fee or a motion for leave to proceed IFP. After receiving Plaintiff's motion for IFP, and after it was granted,[1] the Clerk's Office formally docketed Plaintiff's document entitled

---

[1] The case was originally assigned/referred to then Magistrate Judge Susan Paradise Baxter. ECF No. 2. Subsequently, the case was referred to the undersigned. The Order granting IFP curiously does not appear to have been sent to the Pennsylvania Department of Corrections officials directing them to deduct the filing fee for this civil action. See ECF No. 5. Nonetheless, it appears that a partial filing fee of $ 0.92 cents was paid for this civil action. ECF No. 44 on June 6, 2012. No further payments towards Plaintiff's obligations to the District Court filing fee have been made since then.

"Mandatory Injunction" as the "Complaint" on November 4, 2010 ("the Complaint"). ECF No. 6. The undersigned issued a Report and Recommendation on September 9, 2011, recommending that the civil action be dismissed without prejudice because Plaintiff had failed to exhaust his administrative remedies prior to filing the civil action. ECF No. 35. Following consideration of Plaintiff's objections, ECF No. 38, District Judge Nora Barry Fisher adopted the Report and Recommendation and dismissed the civil action. ECF No. 40. Thereafter, Plaintiff appealed to the United States Court of Appeals for the Third Circuit, which granted him leave to appeal IFP in November, 2011. ECF No. 43.

On September 18, 2019, Plaintiff filed the instant Motion, seeking an audit. ECF No. 126. In the Motion, Plaintiff complains that he has been paying on his appellate filing fee debt for over 8 years. Plaintiff also asserts that he has been paying on said debt fore [sic] '<u>over</u>' eight (8) years... therefore, calling Audit. 3. <u>Plaintiff avers</u> he's <u>no</u> 'math-genius,' however he <u>knows</u> it doesn't take eight (8) year's [sic] to pay $ <u>504.46</u>, debt." ECF No. 126 ¶¶ 2 – 3.

A review of the docket of this Court reveals that starting on October 4, 2012, partial payments made toward the appellate filing fee in the amount of $455.00 began to be deducted from Plaintiff's inmate account and applied toward the appellate filing fee. ECF No. 47. The docket reveals that partial payments have been made since that time. ECF Nos. 48 – 124. The most recent payment of $60.00 was received on August 9, 2019. ECF No. 125. The receipt for the most recent payment shows a balance owing for the appellate filing fee of $39.46. (A copy of the receipt is attached.) As such, contrary to Plaintiff's allegation in the Motion, he has not been paying his appellate filing fee for over 8 years but, in reality, only about 7 years, <u>i.e.</u>, since October 4, 2012.

The pending Motion will be denied for the reasons that follow.

First, Federal Rule of Civil Procedure 34, upon which Plaintiff relies, is a Rule that relates to discovery in civil cases. This case was dismissed prior to the discovery stage. Simply put, Rule 34 does not apply and does not afford Plaintiff a right to a post-appeal audit.

Second, Petitioner's unsupported assertion that it does not take eight years to pay the total appellate filing fee is contrary to the docket entries, documenting payments between October 4, 2012 and August 9, 2019. (Plaintiff is being provided herewith, the docket of his case which lists the deductions made over the past 7 years as well as the receipt for the most recent payment received.) If in reviewing those documents, he discovers a specific error, he may file a Motion for Refund or Correction of said error but the Court will not engage in such an exercise on Plaintiff's behalf.

For the reasons set forth herein, the Motion for Audit, ECF No. 126, is **DENIED** without prejudice to filing a renewed motion detailing any specific error Plaintiff discovers.

Lastly, the Clerk is **ORDERED** to note the change of Plaintiff's address as found on the return address of his envelope in which he mailed the Motion and which indicates Plaintiff is now in SCI-Albion. The Clerk's Office should change Plaintiff's address on the docket accordingly.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street,

Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

By the Court,

MAUREEN P. KELLY
United States Magistrate Judge

Dated: October 4, 2019

cc: GEORGE ROWANN
BS7389
10745 Route 18
Albion, PA 16475-0001

Counsel of Record via CM-ECF